UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13349-GAO

FRIEDRICH LU,
Plaintiff,

v.

BRIAN G. DALTON, STEVEN W. TOMPKINS, FAIRFIELD REAL ESTATE
MANAGEMENT CORP., FREDERICK E. FAIRFIELD, JR., HEATHER L. FAIRFIELD,
JOHN L. TOBIN, COMMONWEALTH OF MASSACHUSETTS, SUPREME JUDICIAL
COURT, and THREE UNKNOWN NAMED TUFTS POLICE OFFICERS,
Defendants.

OPINION AND ORDER
July 22, 2016

O'TOOLE, D.J.

The plaintiff, Friedrich Lu, acting *pro se*, brought this case alleging claims stemming from what appear to be three unrelated circumstances: an eviction of the plaintiff from property owned by Fairfield Real Estate Management Corp. ("Fairfield Corp.") by the Suffolk County sheriff's office, the appeals process in one of the plaintiff's state cases, and an incident in which Tufts University police officers removed the plaintiff from the Tisch Library at the university. The Complaint only alleges claims under 42 U.S.C. § 1983 for violation of rights under the Due Process Clause of the Fourteenth Amendment. The plaintiff filed a second complaint that pleads no meaningful additional facts, but names some additional parties and adds state law claims as well as an additional claim under Section 1983. This document was not filed with leave of the Court or otherwise as authorized under Rule 15; it is thus not the operative complaint. See Fed. R. Civ. Pro. 15. However, even considering this new pleading, the plaintiff's claims are plainly without merit and should be dismissed.

Because the plaintiff only brings this case under federal question jurisdiction, see 28 U.S.C. § 1331, and because I dismiss the plaintiff's federal claims, I do not reach any of the plaintiff's arguments concerning state law that are made in his attempted amended complaint. See 28 U.S.C. § 1367(c)(3).

All named defendants have moved to dismiss the case. For ease of analysis, I separate the defendants into groups: (1) Fairfield Corp., its alleged owners and operators, Frederick Fairfield and Heather Fairfield, and their attorney, John Tobin (the "Fairfield defendants"); (2) the sheriff and his deputy, Steven Tompkins and Brian Dalton; (3) the Commonwealth of Massachusetts, its courts, and—included only in the amended complaint—counsel for the state Department of Mental Health, Lester Blumberg, R. Brandon Rios, and Benjamin Golden; and (4) Tufts and the Tufts police officers, two of whom are named in the amended pleading as Lynda D'Andrea and Omar McGovern.

## I.     The Fairfield Defendants

According to the Complaint, the plaintiff was living at a property owned by Fairfield Corp. The Fairfield defendants allegedly obtained a judgment of eviction concerning the property. The plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his constitutional rights in the obtainment and execution of this eviction. However, for all that appears, the Fairfield defendants are private citizens. Section 1983 actions can only be brought against those acting "under color" of law. Private parties are state actors for the purposes of Section 1983 "[o]nly in rare circumstances," none of which apply here. See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4–5 (1st Cir. 2005) (alteration in original) (citation omitted). The federal claims against the Fairfield defendants are dismissed.

**II.     Tompkins and Dalton**

According to the plaintiff, Deputy Sheriff Dalton executed the eviction judgment obtained by the Fairfield defendants, violating the plaintiff's rights. The plaintiff alleges that because the "judgment and execution did not name Lu [it] was thus facially invalid (vis-a-vis Lu)." (Compl. ¶ I(1)(a) (dkt. no. 1).) The plaintiff was a subtenant of Bay Cove Human Services, Inc., the lessee of the property. The execution named only Bay Cove, although Lu in fact participated in the eviction proceedings in the Boston Housing Court. See Fairfield Real Estate Mgmt. Corp. v. Bay Cove Human Servs. Inc., No. 15H84SP002082 (slip op. at 1–2) (Mass. Housing Ct., Bos. Div. July 6, 2015).[1] And in any event, the plaintiff has not come close to showing how Dalton's actions, which at most constitute the lawful execution of a facially valid court order, violate any constitutional right.

The plaintiff's only argument against Tompkins is that, in exercising his powers as Sheriff of Suffolk County, Tompkins "abdicates his authority and totally delegates all decisions to his deputy sheriffs who operates [sic] without supervision or restraint." (Compl. ¶ I(1)(b).) To the extent that the plaintiff is suing Tompkins in his official capacity, the plaintiff cannot bring a § 1983 claim. The Suffolk County Sheriff's Department is an arm of the state, and therefore immune under the State's sovereign immunity. See Gallo v. Essex Cty. Sheriff's Dep't, Civil Action No. 10-10260-DPW, 2011 WL 1155385, at *4 (D. Mass. Mar. 24, 2011).

---

[1] The opinion cited here and the docket for that case were filed as attachments to Dalton and Tompkins' Memorandum in Support of Their Motion to Dismiss. (See (dkt. nos. 20-1, 20-2).) As matters of public record, they may be considered on a motion to dismiss. See In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15–16 (1st Cir. 2003).

Regardless, the plaintiff's generalized grievance about how Tompkins runs the Sheriff's Department does not link to a particular harm felt by the plaintiff. There is simply no valid claim asserted.

### III. The Commonwealth of Massachusetts, the Supreme Judicial Court, and Counsel for the Department of Mental Health

The plaintiff complains that the Massachusetts state courts have improperly handled his various appeals, and that the Supreme Judicial Court "condones the practice." (Compl. ¶ II(2).) The State, and its courts, cannot be sued in federal court; sovereign immunity prevents it. See U.S. Const. amend. XI; Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989).

The plaintiff's request to amend his complaint to individually name the members of the Supreme Judicial Court does not cure his problem, as sovereign immunity applies to state officers in their official capacity. See Will, 491 U.S. at 70–71. Beyond that, judicial officers are absolutely immune from suit in the performance of their duties. See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978).

The plaintiff makes another court-related complaint that counsel for the Massachusetts Department of Mental Health in another of his suits in the Massachusetts Superior Court "have colluded with [the presiding judge] to withhold a ruling there, on Lu's emergency motions for injunctive relief."[2] (Compl. ¶ I(2).) In addition to this allegation being conclusory, a review of the docket for the case shows that the plaintiff's motions were made in August and early September 2015 and decided on September 11 (three days before the filing of this action). See Lu v.

---

[2] The attorneys' names were not included in the caption of the Complaint, but appear in the caption of the plaintiff's attempted amended complaint. While they do not appear to have been served, they also moved to dismiss the claims alleged against them by the plaintiff.

4

Department of Mental Health, No. 1584-cv-01089 (Mass. Super. Ct., Suffolk Cty.). The case was eventually dismissed, and judgment entered on December 14. There is no merit to this claim.

## IV. The Tufts Police Officers

On June 10, 2015, three Tufts police officers allegedly "asked [the plaintiff] to leave [the Tisch Library] without informing [him] why . . . and imposed an unspecified period of bar from using the library." (Compl. ¶ III(2).) In the Complaint, these officers' names are unknown. The plaintiff's attempted amended pleading suggests names for two of the officers and alters the caption to incorporate their names as well as the "Trustees of Tufts University."

The Trustees of Tufts College—apparently the appropriate legal name—have filed a motion to dismiss the § 1983 claim. Tufts is a private university, and the actions of its employees do not fall within the scope of state action necessary for a claim under 42 U.S.C. § 1983. See Rinsky v. Trustees of Bos. Univ., Civil Action No. 10cv10779-NG, 2010 WL 5437289, at *3 (D. Mass. Dec. 27, 2010).

The plaintiff's § 1983 claim against the individual Tufts police officers also fails.[3] All the plaintiff alleges is that the officers "asked him to leave." (Compl. ¶ III(2).) The plaintiff does not make the case for how removing him, peacefully, from private property violates any of the federal rights "secured by the Constitution and laws" of the United States. See 42 U.S.C. § 1983.

## V. Conclusion

For the reasons given above, the Fairfield defendants' Motion to Dismiss the Plaintiff's Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(6) (dkt. no. 9) is GRANTED. Their Motion for a Hearing on Their Motion to Dismiss (dkt. no. 10) is MOOT. The Commonwealth of Massachusetts

---

[3] I assume that the university police are special police officers under Massachusetts General Laws Chapter 22C, Section 63, and therefore may be considered "state actors."

and Supreme Judicial Court's Motion to Dismiss (dkt. no. 17) is GRANTED. Dalton and Tompkins' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (dkt. no. 19) is GRANTED. The Trustees of Tufts College's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) & 12(b)(5) (dkt. no. 30) is GRANTED. Massachusetts, the SJC, Blumberg, Rios, and Golden's Motion to Dismiss Plaintiff's First Amended Complaint (dkt. no. 32) is GRANTED. The Tufts police officers' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) & 12(b)(5) (dkt. no. 36) is GRANTED..

The plaintiff's serial motions for summary judgment—Motion for Partial Summary Judgment Against Tompkins (dkt. no. 23), Motion for Partial Summary Judgment Against Dalton (dkt. no. 24), and Motion for Summary Judgment Against Fairfield Defendants (dkt. no. 25)—are all DENIED. The plaintiff's Motion to Amend Complaint for a Second Time (dkt. no. 26) is DENIED. His Motion for Court to Rule His Emergency Motion (dkt. no. 29) concerning the disposition of his claims against the Fairfield defendants is MOOT.

The plaintiff's Cross-Motion to Strike Motion to Dismiss and for Rule 11 Sanction Against Three State Defendants for Fraud on Court (dkt. no. 38), Cross-Motion to Sanction, for Fraud on Court, Defendants Lynda D'Andrea and Omar McGovern Plus Counsel (dkt. no. 39), and Cross-Motion for Rule 11 Sanction Against Trustees of Tufts College for Fraud on Court (dkt. no. 42) are DENIED. These motions appear to be primarily oppositions to the substantive motions to dismiss. In addition, the various defendants' filings in this case have been proper, and—from the email exchanges included in the motions—defense counsel have behaved respectfully and professionally throughout this litigation.

The plaintiff's Motion to Reconsider (dkt. no. 8) the earlier TRO decision, Request to Default Three State Defendants (dkt. no. 45), Motion to Refile His Jan. 22, 2016 Request to Default Three State Defendants (dkt. no. 44), and his Motion to Depose AAG Abigail Fee (dkt. no. 47) are MOOT in light of the disposition of the motions to dismiss.

All federal claims against the defendants are dismissed with prejudice. All state law claims are dismissed without prejudice. This action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge